IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KAREN J. WILLIAMS, <br><br>    Plaintiff, <br>vs. <br><br> VALENCIA COUNTY SHERIFF'S OFFICE ("VCSO"); DETECTIVE (AGENT) JOHN MALLORY, aka U.S. Department of Drug Enforcement Officer; CAPTAIN WES MALLORY, SHERIFF JUAN JULIAN; UNDERSHERIFF DJ JACKSON; ARLEY SANCHEZ, a private individual, Valencia County Sheriff's Office Civilian Employees DEBRA MALLORY; DONNA WARDLOW; CONNIE CARTER; ANNA MARQUEZ; and REAL NAME UNKNOWN DISPATCHER(S); Los Lunas Magistrate Court Clerks CARLA CONZALES; LISA WAGGONER; and TERESA CHAVEZ; Belen Magistrate Court Clerks BRENDA GALLEGOS; J. SANCHEZ; and REAL NAME(S) UNKNOWN CLERKS; VALENCIA COUNTY COMMISSION AND ITS COMMISSIONERS FROM 1997 TO PRESENT; STATE POLICE OFFICER AUDI MIRANDA; N.M. ATTORNEY GENERAL'S OFFICE INVESTIGATOR STEVE SHARON; STATE OF NEW MEXICO; N.M. ATTORNEY GENERAL'S OFFICE; N.M. DEPARTMENT OF PUBLIC SAFETY; U.S. DEPARTMENT OF DRUG ENFORCEMENT ADMIN., <br><br>    Defendants. | No. 00-0240  PK/LFG |

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the Motion for Partial Dismissal of the Claims Against State Defendants filed June 27, 2000 (doc. 37). The following Defendants seek relief in the motion: State of New Mexico; New Mexico Attorney General's Office; New Mexico Department of Public Safety; Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa Waggoner, and Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne) Sanchez; New Mexico State Police Officer Audi Miranda; and New Mexico Attorney General's Office Investigator Steve Sharon. The court, being advised fully in the premises, finds that the motion should be granted in part, denied in part, and deferred in part.

This is a federal civil rights action seeking compensatory and punitive damages against various officials pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. In a 58-page first amended complaint consisting of 280 paragraphs, Plaintiff alleges that in mid-1996 the Valencia County Sheriff's Department (VCSO) began a long-term policy of maliciously prosecuting her, although she was living in California. She contends that Defendant Agent Mallory, a VCSO detective and later a DEA agent, investigated and prosecuted her on behalf of Defendant Arley Sanchez, a Valencia County resident. In October 1996, upon her return to New

Mexico, she was charged with telephone harassment and assault, based upon alleged incidents occurring while she was in California.  In early 1997, those charges were dismissed without prejudice.  In February 1997, Plaintiff was charged with stalking and harassment; she was arrested and confined without bond–the charges were later dismissed without prejudice pursuant to a stipulated agreement.

Plaintiff contacted the media and Defendant Sharon, an investigator with the New Mexico Attorney General's office to complain.  On July 11, 1997, Plaintiff appeared at a hearing before the Los Lunas Magistrate Court and was sentenced on the February 1997 stalking and harassment charges.  She contends that those charges had been dismissed previously, yet she was sentenced to ninety days, five of which she served with the remainder suspended.  According to Plaintiff, this was possible because various Defendants, including the Los Lunas court clerk Defendants, destroyed records, including those of her prior arraignment, and prevented her from obtaining counsel.  She also alleges that she did not receive proper notice of the hearing, was not advised of her right to appeal or given a copy of the judgment, and that the tape of the hearing was altered.  Plaintiff later requested and received a copy of the judgment and sentence, and with the assistance of an attorney, had it overturned in September 1997.

In January 1998, Defendant Miranda, a state police officer, filed a

complaint against Plaintiff in the Belen Magistrate Court based upon the statements of Defendant Debra Mallory, a VCSO employee. The address used for the complaint was out of date; a bench warrant was issued for Plaintiff's arrest when she failed to appear at arraignment. Plaintiff contends that various Defendants, including the Belen court clerk Defendants, conspired to use the wrong address. Ultimately, an order quashing the bench warrant was filed pursuant to an agreement.

## Discussion

In resolving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court takes all well-pleaded allegations contained in the complaint as true. See Sutton v. United Airlines, 527 U.S. 471, 475 (1999). Well pleaded factual allegations are construed in the light most favorable to the Plaintiffs. See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 619 (10th Cir. 1998). At the same time, the court is not allowed to assume that a Plaintiff "can prove facts that [she has] not alleged or that the [D]efendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) (footnote omitted). Under these standards, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957).

All claims pursuant to §§ 1983, 1985 and 1986 must be dismissed with prejudice against the State of New Mexico, the New Mexico Attorney General's Office, and the New Mexico Department of Public Safety.  These statutes do not create a remedy against the state or its agencies.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997) (§ 1983).  Where damages are sought, "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (§ 1983).  The same is true for §§ 1985 and 1986.  See Chadha v. Connecticut Med. Examining Bd., No. 3:99CV00874 (EBB), 1999 WL 1067805, at * 3 (D. Conn. Oct. 29, 1999) (state and its agencies are not "persons" under §§ 1985 & 1986); Coffin v. South Carolina Dep't. of Social Servs., 562 F.Supp. 579, 585 (D.S.C. 1983) (same).  Thus, all federal official capacity claims must be dismissed with prejudice against the individual Defendants joining in this motion, specifically Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa Waggoner, and Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne) Sanchez; New Mexico State Police Officer Audi Miranda, and New Mexico Attorney General's Office Investigator Steve Sharon.  See Hafer v. Melo, 502 U.S. 21, 26 (1991).

That leaves the federal individual capacity claims against these individual Defendants.  See Hafer, 502 U.S. at 27 ("officers sued in their individual

capacities come to court as individuals"). Concerning the remaining individual capacity claims, the Los Lunas Magistrate Court Clerk Defendants (Carla Gonzales, Lisa Waggoner, and Teresa Chavez), and the Belen Magistrate Court Clerk Defendants (Brenda Gallegos and J. (Joanne) Sanchez), rely upon Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981), which held that an action against a clerk of court may not be used to circumvent the absolute immunity afforded state judges because no court can discharge its duties without the aid clerks, servants and agents. Defendant court clerks contend that they are entitled to absolute judicial immunity based upon the first amended complaint which alleges that they acted in their capacity as judicial employees and in connection with Plaintiff's prosecution.

Whether a court clerk is entitled to absolute judicial immunity or qualified immunity depends upon the function being performed. See Maynard v. Casebolt, No. 99-5211, 2000 WL 1005265 (10th Cir. July 20, 2000) (unpublished). In Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993), the Court considered whether absolute judicial immunity should be extended to court reporters. Noting the absence of common law precedent extending such immunity to court reporters, the Court also concluded that such immunity would not attach to such an administrative function, even if performed by a judge. See id. at 435. The Court made it clear that the importance of the function to the overall judicial process is not a sufficient condition to require absolute immunity. See id. at 436-

37. Instead, such immunity is warranted only where the non-judge court official exercises discretion and judgment as part of the judicial function as understood at common law, specifically dispute resolution and the adjudication of private rights.  See id. at 435-36.  A non-judge court official performing ministerial, rather than discretionary, acts not directly related to the judicial function, or administrative acts, would not be covered by absolute judicial immunity.  See id. at 435-37.

That said, there is ample authority, both before and after Antoine which grants absolute immunity to clerks performing quasi-judicial functions.  See Livingston v. Garcia, 2000 WL 488480, No. 99-4218, at *2 (10th Cir. Apr. 26, 2000) (unpublished) (court clerk whose actions were taken to aid the court in its exercise of judicial duties in custody dispute); Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (court clerks acting at the direction of the judges denying access to records and scheduling proceedings); Lopez v. Shapiro, No. 97-2334, 1998 WL 67376, at * 1 (10th Cir. Feb. 19, 1998) (unpublished) (judge's secretary and "court secretary" participating in issuance of bench warrant for failure to appear); Newton v. Buckley, No. 96-4202, 1997 WL 642085, at *4 (10th Cir. Oct. 17, 1997) (unpublished) (clerk who issued information and bench warrant pursuant to state law).

Plaintiff alleges that the Los Lunas court clerk Defendants harassed and threatened her, failed to provide proper notice of the July 11, 1997 hearing,

conspired to prevent her representation by counsel by failing to assign her an attorney and by allowing an attorney to withdraw, destroyed the record of her prior arraignment and not guilty plea, endorsed her judgment and sentence with the date of the hearing, failed to provide her with a timely judgment notifying her of her right to appeal, and allowed the tape of the hearing to be altered by an unknown party.  See First Amended Complaint filed May 24, 2000 at 29, ¶ 125; at 31-32, ¶¶ 134-39 (doc. 2).  Plaintiff also alleges that the Belen court clerk Defendants conspired to make no effort to obtain her correct address.  See id. at 21, ¶¶ 84-85; at 51, ¶¶ 238-41.

Some courts have held that clerks are not entitled to absolute immunity for non-discretionary ministerial tasks such as notification of the entry of an order or judgment.  See Lowe v. Letsinger, 772 F.2d 308, 313 (7th Cir. 1985) (absolute immunity does not apply to "non-discretionary, ministerial task[s]"); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980) (per curiam) ("Absolute immunity from damages actions applies, only in a narrow range of actions, for clerks of court acting in a nonroutine manner under command of court decrees or under explicit instructions of a judge.").  Disagreeing with these courts, the D.C. Circuit looks not to whether the clerk's act is discretionary, but whether the act is basic and integral to the judicial function, unless the act is done in the absence of all jurisdiction.  See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  All of these cases predate Antoine, but the approach of the Fifth and Seventh Circuits is

most consistent with it.

In this light, and based solely on the allegations of the complaint, the court clerk Defendants would not be entitled to absolute immunity from the following allegations: (1) failing to provide proper notice of the July 11, 1997 hearing, (2) destroying records of Plaintiff's prior arraignment and not guilty plea, and other records, (3) endorsing Plaintiff's judgment and sentence with an incorrect date, (4) failing to provide Plaintiff with a timely judgment notifying her of her right to appeal, and (5) allowing the tape of the hearing to be altered by an unknown party. Absolute immunity is available on the allegation that (6) court clerks conspired to prevent Plaintiff's representation by counsel by failing to assign her an attorney and by allowing an attorney to withdraw, as these are plainly judicial functions. Finally, absolute immunity would not be available at this time on the allegation that (7) the court clerk Defendants conspired to make no effort to obtain Plaintiff's correct address.

The court expresses no opinion on whether the allegations can support a federal cause of action, let alone whether qualified immunity should be granted to the court clerk Defendants. Defendants' motion and reply simply do not address these points, nor attempt to link the allegations of the complaint to quasi-judicial functions deserving of absolute immunity, e.g issuance of a complaint or bench warrant. After <u>Antoine</u>, it is simply too broad to say that every function a clerk performs in the performance of his or her duties is deserving of absolute

immunity, for this would conflate absolute judicial immunity accorded to judges with the more limited quasi-judicial immunity afforded their employees.  See Defendants' Motion at 5 (doc. 37).

Defendants also move for dismissal of the Plaintiffs' pendent state law claims for false arrest, false imprisonment, malicious prosecution, negligence and conspiracy, abuse of process and violation of the New Mexico Constitution.  See First Amended Complaint at 56 ¶ 269 (doc. 2).  The court will defer ruling on this portion of the motion; a determination will be made later on whether supplemental jurisdiction over these claims is appropriate.  See 28 U.S.C. § 1367(c).  Should the court decide that supplemental jurisdiction is appropriate, the court will consider this portion of the motion.

Finally, Plaintiff suggests that the Defendants' motion should be denied based upon non-compliance with D.N.M. LR-Civ. 7.4(a), which requires that a movant seek the concurrence of an opposing party three working days prior to filing a motion.  According to Plaintiff, Defendants' counsel telephoned but did not comply by leaving a voicemail message on Plaintiff's phone the day the motion was filed.  The court declines to deny the motion on this basis, but reminds all of the importance of following the federal and local rules.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Partial Dismissal of the Claims Against State Defendants filed June 27, 2000 (doc. 37), is granted in part, denied in part, and deferred in part.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all federal claims pursuant to §§ 1983, 1985 and 1986 are dismissed with prejudice against the State of New Mexico, the New Mexico Attorney General's Office, and the New Mexico Department of Public Safety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all federal official capacity claims are dismissed with prejudice against the individual Defendants joining in this motion, specifically Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa Waggoner, and Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne) Sanchez; New Mexico State Police Officer Audi Miranda, and New Mexico Attorney General's Office Investigator Steve Sharon.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all federal claims seeking damages from Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa Waggoner, and Teresa Chavez, in their individual capacities, on the basis that the court clerks conspired to prevent Plaintiff's representation by counsel by failing to assign her an attorney and by allowing an attorney to withdraw are dismissed on the basis of absolute immunity.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the portion of the motion seeking dismissal of the pendent state law claims is deferred; all other requests contained in the motion, response and reply are denied.

DATED this 1st day of August 2000, at Santa Fe, New Mexico.

\

_Paul Kelly Jr._____
United States Circuit Judge
Sitting by Designation

Counsel:

Karen J. Williams, pro se.

Barbara Pryor, McCary, Wilson & Pryor, Albuquerque, New Mexico, for State of New Mexico; New Mexico Attorney General's Office; New Mexico Department of Public Safety; Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa Waggoner, and Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne) Sanchez; New Mexico State Police Officer Audi Miranda; and New Mexico Attorney General's Office Investigator Steve Sharon.