IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KAREN J. WILLIAMS,<br><br>     Plaintiff,<br>vs.<br><br>VALENCIA COUNTY SHERIFF'S OFFICE ("VCSO"); DETECTIVE (AGENT) JOHN MALLORY, aka U.S. Department of Drug Enforcement Officer; CAPTAIN WES MALLORY, SHERIFF JUAN JULIAN; UNDERSHERIFF DJ JACKSON; ARLEY SANCHEZ, a private individual, Valencia County Sheriff's Office Civilian Employees DEBRA MALLORY; DONNA WARDLOW; CONNIE CARTER; ANNA MARQUEZ; and REAL NAME UNKNOWN DISPATCHER(S); Los Lunas Magistrate Court Clerks CARLA GONZALES; LISA WAGONER; and TERESA CHAVEZ; Been Magistrate Court Clerks BRENDA GALLEON; J. SANCHEZ; and REAL NAME(S) UNKNOWN CLERKS; VALENCIA COUNTY COMMISSION AND ITS COMMISSIONERS FROM 1997 TO PRESENT; STATE POLICE OFFICER AUDI MIRANDA; N.M. ATTORNEY GENERAL'S OFFICE INVESTIGATOR STEVE SHARON; STATE OF NEW MEXICO; N.M. ATTORNEY GENERAL'S OFFICE; N.M. DEPARTMENT OF PUBLIC SAFETY; U.S. DEPARTMENT OF DRUG ENFORCEMENT ADMIN.,<br><br>     Defendants. | No. 00-0240  PK/LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion for Reconsideration or Extension of Time, filed September 20, 2000 (doc. 70); Plaintiff's Motion for Protective Order From District Judge Restraining Actions of Magistrate Judge, filed September 20, 2000 (doc. 71); Plaintiff's Motion for Recusal or Disqualification of Magistrate Judge Through Federal Law or Removal, filed September 20, 2000 (doc. 72); and the Certificate of Good Faith of Plaintiff Pro Se filed September 20, 2000 (doc. 73). The court decides the motions without benefit of a response because of the immediacy of relief requested.

Background

The magistrate judge held a Fed. R. Civ. P. 16(a) initial scheduling conference on September 15, 2000. According to the Plaintiff, the magistrate judge directed her to complete informal discovery within ten days from the date of the scheduling conference, but stayed formal discovery because the case may be decided on motion. The magistrate judge's Order Temporarily Assigning Case to Administrative Case Management Track and Staying Discovery, filed September 18, 2000 (doc. 69), indicates that the parties were directed to make or

supplement their Rule 26(a) initial disclosures within ten days.  It also provides:

> The Plaintiff is directed to produce various tapes and documents she has that are relevant to disputed issues of fact; . . . .  Defendant County of Valencia is directed to produce the tapes or transcripts it has within the same ten-day period.

Id. at 2-3.

Plaintiff objects to the magistrate judge's order requiring disclosure of tapes and documents.  She contends that only formal discovery should occur, accompanied by requests for production.  In the alternative, she seeks a thirty-day extension of time in which to comply.

Discussion

The court has reviewed the many objections Plaintiff raises to the magistrate judge's order and finds them without merit.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Fed.R.Civ.P. 26(a)(1) provides in pertinent part that

> Except to the extent otherwise . . . . directed by order . . . , a party shall, without awaiting a discovery request, provide to other parties:
> . . . .
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings;

These disclosures should come within ten days of the meet-and-confer, held here on August 30, 2000.  See Fed. R. Civ. P. 26(a); Provisional Discovery Plan at 1, filed September 11, 2000 (doc. 65).  The docket indicates Plaintiff served her

initial disclosures on September 11, 2000 (doc. 67). Parties also are required to supplement initial disclosures if needed. See Fed. R. Civ. P. 26(e)(1).

Rule 26(a)(1)(B) permits the disclosing party to choose between producing or identifying relevant documents and records within its possession, custody, or control, unless ordered otherwise by the court. It may be easier to produce the documents and records rather than provide the required description and categorization. See Fed. R. Civ. P. 26, advisory committee's note (1993).

Plaintiff is not sure that she will use certain information because she may claim attorney-client privilege, but this fact alone does not exempt her from listing and adequately describing the information. See id. ("The disclosing party does not, by describing documents under subparagraph (B), waive its right to object to production on the basis of privilege . . . .").

Here, Plaintiff has been ordered to produce "various tapes and documents she has that are relevant to disputed issues of fact." Order at 2. By Plaintiff's own admission, certain Defendants have attempted to provide some discovery information and the magistrate judge also required the defense to produce tapes and transcripts. Given the immunity defenses in this case, the magistrate judge acted within his discretion in ordering such limited discovery. See Crawford-El v. Britton, 523 U.S. 574, 597-600 (1998). Where Plaintiff claims privilege regarding an item, she is not required to produce it at this time, provided she has listed and adequately described it in her initial disclosures. Of course, Plaintiff

cannot claim privilege and later decide to use the item.

Plaintiff also objects to the disclosure of medical information. Plaintiff's objections are not well taken given D.N.M. LR-Civ. 26.3(d), which requires such information where "the physical or mental medical condition of a party is an issue."

Finally, Plaintiff requests that this court remove Judge Garcia from the case in the event that he declines to recuse. The motion is not ripe for this court. Insofar as it requests Judge Garcia's recusal, the motion should decided by him in the first instance. Because the motion appears to be based wholly on speculation, conjecture and what the Plaintiff perceives as adverse rulings, see Liteky v. United States, 510 U.S. 540, 555-56 (1994), this court declines to switch the reference to another magistrate judge during the pendency of the motion. To the extent the motion requests that Judge Garcia's rulings be declared null and void, it is denied.

Plaintiff's request that future proceedings before the magistrate judge be transcribed likewise should be addressed to the magistrate judge in the first instance.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Reconsideration or Extension of Time, filed September 20, 2000 (doc. 70), is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's

Motion for Protective Order From District Judge Restraining the Actions of Magistrate Judge, filed September 20, 2000 (doc. 71), is denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Recusal or Disqualification of Magistrate Judge Through Federal Law or Removal, filed September 20, 2000 (doc. 72), is referred to the magistrate judge insofar as it seeks his recusal; it is denied in all other respects.

DATED this 22nd day of August 2000, at Santa Fe, New Mexico.

                                                                     *Paul Kelly Jr.*
                                                                 United States Circuit Judge
                                                                 Sitting by Designation