IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN J. WILLIAMS,

                Plaintiff,

    vs.                                          CIVIL NO.   00-240 PJK/LFG

VALENCIA COUNTY SHERIFF'S
OFFICE et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE, BUT RECUSING FROM LITIGATION

THIS MATTER is before the Court on Plaintiff Karen J. Williams' ("Williams") September 20, 2000 Motion for Recusal or Disqualification [Doc. 72]. A response in opposition was filed October 10, 2000. No reply is necessary. This matter may be resolved based on the parties' submissions.

Williams requests that the Magistrate Judge be disqualified or, alternatively, recuse himself from this litigation based on Williams' perception that the Magistrate Judge is biased against her and favors opposing counsel. The procedure to disqualify a judge is set out in 28 U.S.C. § 144. The statute authorizes a party to file an affidavit stating the facts and reasons for the party's belief that the judge before whom the matter is pending has a personal bias or prejudice. The statute states in relevant part:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may only file one such affidavit in any case. It shall be

accompanied by a certificate of counsel of record stating that it is made in good faith.

Tenth Circuit law requires strict construction of this statute.  Hinman v. Rogers, 831 F.2d 937 (10th Cir. 1987).  Moreover, the facts alleged in a party's affidavit demonstrating a judge's bias or prejudice must have some extra judicial nexus.  It is insufficient that a litigant simply be dissatisfied with the judge's judicial performance or rulings on a particular case.  Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).  Finally, the basis for an affiant's claim of bias or prejudice must be supported factually.  Unsupported conclusory statements lacking detail or factual predicate are insufficient to support conclusions of bias.  Hinman at 939; Green at 1305.

The mere filing of a affidavit does not serve to automatically disqualify the judge.  United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).  Rather, the judge to whom the affidavit is addressed much first pass on its sufficiency and determine whether the affidavit complies with the requirements of 28 U.S.C. § 144, in accord with Tenth Circuit precedent, must construe the statute strictly and, indeed, against the affiant. Hinman at 939.

Under these standards, the Court is compelled to deny Williams' request.  First, no affidavit was filed as required by Section 144, but, rather, Williams simply filed a motion without oath or affirmation.  Thus, this pleading did not satisfy the strict construction requirements of the law and is therefore procedurally deficient.  Second, the motion itself does not disclose facts to establish extra judicial bias.  Indeed, the bulk of Williams' complaints concern the Court's orders at the Rule 16 conference and Williams' perception that the judge was biased against her and favored opposing counsel.

2

The majority of Williams' objections to the Court's rulings demonstrate a simple misunderstanding of the Court's obligations at a Rule 16 conference, or of the parties' discovery obligations under the Federal Rules of Civil Procedure.  Pretrial conferences are conducted in an effort to expedite the ultimate disposition of litigation and reduce the costs of lawsuits.  Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*  Indeed, the objectives are set out in Fed. R. Civ. P. 16(a), which provides:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>
> (1)  expediting the disposition of the action;
>
> (2)  establishing early and continuing control so that the case will not be  protracted because of lack of management;
>
> (3)  discouraging wasteful pretrial activities;
>
> (4)  improving the quality of the trial through more thorough preparation and;
>
> (5)  facilitating the settlement of the case.

To accomplish these goals, courts generally require the parties to give an overview of their respective positions concerning claims and defenses.  The court then seeks to formulate and simplify the issues and eliminate frivolous claims or defenses.  Rule 16(c)(1).  Voluntary withdrawal of certain claims or defenses that are unsupported by law or facts can expedite the ultimate disposition of the more significant claims and defenses, and can significantly reduce the costs of litigation.  The Court encouraged the parties to focus on their primary claims and defenses and thereby eliminate the need for discovery or motion practice on unsupported claims or defenses.

A magistrate judge lacks authority to direct dismissal of claims or defenses.  28 U.S.C. § 636(b)(1)(A).  However, the managing magistrate judge can encourage parties to voluntarily withdraw claims or defenses which are likely to be dismissed on motion, and thereby accomplish the salutary purposes of the Civil Justice Reform Act.

Williams objected to the Court's order requiring the parties to either make or supplement their mandatory Fed. R. Civ. P. 26(a)(1) disclosures within ten days of the Rule 16 conference.  Williams' argument that the Court improperly ordered disclosure of evidence prior to receipt of a formal request for discovery is not well-taken.  She argued:

> While it would be fine for Sean Olivas to serve a Request for Production of Documents on the Plaintiff, it is not acceptable for him to appear to collude with the judge in requesting full disclosure from the Plaintiff without a discovery plan in place, or a request for discovery.

(Williams' motion, p. 3).

It is clear from the 1993 amendments to the Federal Rules of Civil Procedure that certain categories of information are to be automatically produced without the need for any formal discovery request.  Indeed, the Advisory Committee Commentaries to the federal rules note:

> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information, and the rules should be applied in a manner to achieve those objectives.

Advisory Committee Commentaries to Fed. R. Civ. P. 26, 1993 Amendments, Subdivision (a).

Williams also objected to the Court's order that required each party to produce to every other party a copy of non-privileged documents, date of compilations, and intangible things in their possession.  Rule 26(b) requires that the Court order production of these items.

At the Rule 16 conference, the Court was apprised that relevant documents are few in number and therefore ordered each party to produce their non-privileged documents, tapes and other data to opposing parties rather than a mere listing of the documents.  To the extent any documents were withheld under a claim of privilege, the Court directed disclosure of the existence of those documents and the production of a <u>Vaughn</u> index.[1]

Contrary to Williams' understanding, the Court did not direct production of the privileged documents, but rather directed production of a <u>Vaughn</u> index so as to allow opposing parties an opportunity to determine whether they wished to seek to compel the production of the claimed privileged documents.

Williams also objected to the Court's temporary stay of formal discovery.  At the conference, the Court was apprised that Defendant United States of America had served a motion to dismiss and that the motion would be fully briefed within five days from the date of the Rule 16 conference.  Remaining Defendants apprised the Court of their intention to file, within thirty days, motions to dismiss based on qualified immunity.  Given the speed within these motions would be served and the fact that the nearly fully briefed motion could excuse one party entirely from the litigation process, the Court temporary stayed discovery pending the resolution of these motions.

The Court's authority to stay discovery based on qualified immunity is consistent with an obligation to protect public officials performing discretionary functions from the burdens of trial and discovery.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727 (1982); <u>Anderson v. Creighton</u>, 483

---

[1] A <u>Vaughn</u> index is a term derived from <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).  It generally consists of a listing of the withheld documents and an explanation of the claim of privilege.  The <u>Vaughn</u> index generally describes the document withheld, identifies the individual who created it and to whom the document was distributed.  It also identifies the specific privilege claimed by the party.

U.S. 635, 107 S. Ct. 3034 (1987); see also Gallegos v. City & County of Denver, 984 F.2d 358 (10th Cir. 1993)("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability"). Indeed, if the motion for qualified immunity had already been served, the Court would be required to stay all discovery, except that necessary to deal with the issue of qualified immunity. Id.

Being apprised of the impending service of a motion for qualified immunity, the Court outlined a procedure to lift the stay of discovery if necessary to respond to the motion for qualified immunity. To ensure that Williams would not be compelled to respond to motions for summary judgment without discovery, the Court outlined an appropriate procedure for parties to utilize when a motion for summary judgment was filed. If discovery was necessary to respond to the motion, Williams was directed to submit an appropriate Rule 56(f) affidavit demonstrating what discovery was necessary and how that discovery would assist in rebutting Defendant's *prima facie* showing of any entitlement to relief. The filing of the Rule 56(f) affidavit would stay the response time for the motion for summary judgment while the Court determined what discovery, if any, would be permitted on the motion. Williams was advised that if discovery was appropriate, the Court would issue a supplementary discovery order outlining what discovery could be taken and would establish a new date for filing a response to the motion for summary judgment upon the completion of that discovery. The Court further advised that if no discovery was permitted, the Court would issue an order to that effect and would establish an appropriate response date for the motions for summary judgment.

The Court's rulings at the Rule 16 conference were consistent with the "narrowly tailored" discovery contemplated by the Tenth Circuit in Maxey v. Fulton, 890 F.2d 279 (10th Cir. 1989), where the court authorized limited discovery prior to deciding a summary judgment motion based on

qualified immunity.  See also Lewis v. City of Fort Collins, 903 F.2d 752 (10th Cir. 1990).

Williams also contends that the Court directed disclosure of information intended to humiliate and embarrass her.  Specifically, Williams argues that the Court quizzed her about highly personal information concerning healthcare providers, and argues that a requirement to disclose healthcare provider information is not authorized by federal law, is highly unusual and is unheard of by legal consultants with whom she conferred.

Williams is in error.  When a claim for physical, mental or emotional relief is being pressed, a plaintiff is required, under D.N.M.LR-Civ. 26.3(d), to provide opposing parties a listing of all healthcare providers whom the plaintiff has seen within the previous ten years.  A plaintiff is required to identify by name, address and phone number each healthcare provider and execute a medical release form which is included in the district's local rules.  Thus, the Court's directive to furnish health provider information was neither highly unusual nor unheard of.  Indeed, it is a mandatory requirement.

Finally, Williams contends that the judge's demeanor and conduct was improper and that the Magistrate Judge is both biased and prejudiced.  By doing so, Williams raises an additional procedure for removal beyond that provided by Section 144.

The alternative basis for removal of a judge is contained in 28 U.S.C. § 455.  Under this statute, a justice, judge or magistrate is required to disqualify himself or herself in various enumerated circumstances.  Williams' motion, however, fails to identify any circumstance existing in this case requiring disqualification under Section 455(b).  Rather, Williams argues the existence of an alleged relationship between the judge and attorneys in the proceeding that would compel the judge's

7

withdrawal.[2]

While the Court finds no basis for disqualification or recusal either under 28 U.S.C. § 144 or 28 U.S.C. § 455, the Court notes that the tenor of Williams' motion is such that Williams believes that she is being treated unfairly, and attributes the unfair treatment to her perception of bias and prejudice. While there is no factual basis for those perceptions, it is important that Williams feel that she has been given a fair opportunity to assert her claims and has been treated courteously and with respect, and that whatever decision is made by the Court be based on the Court's good-faith determination of the facts and fair application of the law. In this case, Williams believes that she is a victim of ethnic bias, chauvinism and favoritism shown to others.

The Tenth Circuit recently addressed the importance of the appearance of neutrality in the adjudication process. In speaking of due process considerations for quasi-judicial decision makers, the court stated:

> The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. At the same time, it preserves both the appearance and reality of fairness, generating the feeling, so important to a popular government, that justice has been done, by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.

McClure v. Indep. Sch. Dist. No. 16, ___ F.3d ___, No. 99-5029, 2000 WL 1480369, at *8 (10th Cir. Oct. 6, 2000).

It is abundantly clear that whatever decisions may be made in this case may well be viewed

---

[2] While the assigned Magistrate Judge is certainly familiar with counsel of record by virtue of their professional reputation as litigators and their prior appearances in court, nothing in those professional relationships requires the judge to recuse. Mere familiarity with counsel as a result of their prior appearances does not constitute grounds for recusal.

by Williams with skepticism and a belief that the decisions were tainted by bias or favoritism.  Court proceedings must not only be fair, they must give the appearance of fairness.  Thus, while there exists no basis to require disqualification, in the interests of Williams' perceptions that this case will be decided fairly on the merits rather than on Williams' belief, as unfounded as it may be, that she is being treated unfairly, it is appropriate that the undersigned Magistrate Judge voluntarily withdraw from further involvement in this litigation, and that the case be reassigned to another magistrate judge.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Karen J. Williams, pro se

COUNSEL FOR DEFENDANTS:
Sean Olivas, Esq.
Barbara Pryor, Esq.
Phillis A. Dow, Esq.