FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

00 OCT 23 PM 1:52

CLERK-ALBUQUERQUE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN J. WILLIAMS,

Plaintiff,

vs.

No. 00-0240 PK/LFG

VALENCIA COUNTY SHERIFF'S OFFICE ("VCSO"); DETECTIVE (AGENT) JOHN MALLORY, aka U.S. Department of Drug Enforcement Officer; CAPTAIN WES MALLORY, SHERIFF JUAN JULIAN; UNDERSHERIFF DJ JACKSON; ARLEY SANCHEZ, a private individual, Valencia County Sheriff's Office Civilian Employees DEBRA MALLORY; DONNA WARDLOW; CONNIE CARTER; ANNA MARQUEZ; and REAL NAME UNKNOWN DISPATCHER(S); Los Lunas Magistrate Court Clerks CARLA GONZALES; LISA WAGONER; and TERESA CHAVEZ; Been Magistrate Court Clerks BRENDA GALLEON; J. SANCHEZ; and REAL NAME(S) UNKNOWN CLERKS; VALENCIA COUNTY COMMISSION AND ITS COMMISSIONERS FROM 1997 TO PRESENT; STATE POLICE OFFICER AUDI MIRANDA; N.M. ATTORNEY GENERAL'S OFFICE INVESTIGATOR STEVE SHARON; STATE OF NEW MEXICO; N.M. ATTORNEY GENERAL'S OFFICE; N.M. DEPARTMENT OF PUBLIC SAFETY; U.S. DEPARTMENT OF DRUG ENFORCEMENT ADMIN.,

Defendants.

109

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant United States Drug Enforcement Administration's (DEA's) Motion to Dismiss filed August 2, 2000 (doc. 56). Upon consideration whereof, the motion will be granted.

## Background

This is a federal civil rights action seeking compensatory and punitive damages against various officials pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff also asserts several state law claims. In a 58-page first amended complaint consisting of 280 paragraphs, Plaintiff alleges that in mid-1996 the Valencia County Sheriff's Department (VCSO) began a long-term policy of maliciously prosecuting her, although she was living in California. She contends that Defendant Agent Mallory, a VCSO detective who was cross-deputized as a DEA agent not later than July 29, 1997, investigated and prosecuted her on behalf of Defendant Arley Sanchez, a Valencia County resident. In October 1996, upon her return to New Mexico, she was charged with telephone harassment and assault, based upon alleged incidents occurring while she was in California. In early 1997, those charges were dismissed without prejudice. In

February 1997, Plaintiff was charged with stalking and harassment; she was arrested and confined without bond–the charges were later dismissed without prejudice pursuant to a stipulated agreement.

Plaintiff contends that the DEA is responsible for the activities of Defendant Mallory beginning on or about June 29, 1997. See First Amended Complaint at 13, ¶ 44; at 19, ¶¶ 70, 74; at 43-44, ¶¶ 201-206. The DEA contends that Defendant Mallory was not acting in the course and scope of his authority at any time including when he wrote and faxed a letter from DEA facilities to a state magistrate judge on June 27, 1997. See 28 U.S.C. § 2679 (c) & (d); 2680(h). The court expresses no opinion on that issue. The letter in question advised the judge that Plaintiff had violated a May 1997 court order, requested an arrest warrant for Plaintiff, and urged that Plaintiff be held without bail.

Discussion

Plaintiff sued a federal agency which she identified as the "U.S. Department of Drug Enforcement Administration." First Amended Complaint at 1; at 3, ¶ 10. The government seeks dismissal of only the DEA and Plaintiff concedes this. See Plaintiff's Answer to Defendant U.S. Drug Enforcement Administration Motion to Dismiss and Memorandum In Support filed September 5, 2000 at 9, ¶ 27 (doc. 63). The government contends that the court lacks

subject matter jurisdiction due to sovereign immunity, and the complaint fails to state a claim against the DEA upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1) & (6). In resolving these legal questions, the court takes all well-pleaded allegations contained in the complaint as true. See Ordinance 59 Assn. v. United States Dep't of the Interior Sec'y, 163 F.3d 1150, 1152 (10th Cir. 1998).

Plaintiff concedes, as she must, that the federal government cannot be sued under §§ 1983, 1985 and 1986. See Plaintiff's Answer at 3, ¶ 6 (doc. 63); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."). Moreover, neither the United States, as a sovereign, or its agencies are "persons" subject to suit under the civil rights statutes. See Breard v. Greene, 523 U.S. 371, 378 (1998) (per curiam); Hindes v. FDIC, 137 F.3d 148, 158-59 (3rd Cir. 1998); see also Memorandum Opinion and Order filed August 1, 2000 at 5 (doc. 47).

Plaintiff cannot maintain a Bivens action against a federal agency such as the DEA. See FDIC v. Meyer, 510 U.S. 471, 483-86 (1994). Even assuming that the amended complaint could be amended to add the United States as a party for the negligence claims, an action based upon the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), is barred for want of filing an administrative claim prior to

filing suit in federal district court. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112-13 (1993). So too would be a FTCA claim against the United States based upon an intentional tort by a law enforcement officer, see 28 U.S.C. § 2680(h), where the United States was substituted as a party-defendant. See 28 U.S.C. § 2679(d).

Plaintiff plans to seek leave to pursue a Bivens claim against Defendant Mallory "for his alleged acts while identifying himself as a DEA agent." Plaintiff's Answer at 9, ¶ 27 (doc. 63). The court expresses no opinion on this; if Plaintiff wants to amend her complaint she may file a motion.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant United States Drug Enforcement Administration's (DEA's) Motion to Dismiss filed August 2, 2000 (doc. 56) is granted.

DATED this 23rd day of October 2000, at Santa Fe, New Mexico.

Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Phyllis A. Dow, Assistant United States Attorney and Norman C. Bay, United States Attorney, Albuquerque, New Mexico for Defendant U.S. DEA

Karen Williams, pro se.