IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN J. WILLIAMS,

    Plaintiff,

vs.                                                                    Civ. No. 00-240 PK/WWD

VALENCIA COUNTY SHERIFF'S OFFICE.
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiff's Amended Motion to Compel Discovery [docket no. 106] filed October 17, 2000. Plaintiff's motion is primarily a prolix recitation of her interaction with defense counsel and misleading statements attributed to defense counsel. No response is made to the allegations of misconduct by Plaintiff. It is absolutely imperative that counsel conduct themselves so as to be above reproach, and this is particularly true when their opponent is a non-lawyer representing herself. I will not belabor this matter; however, counsel will be well advised to take my admonition seriously.

      Plaintiff seeks a Vaughn[1] index of the documents and things being withheld in discovery based on some claim of privilege. In reviewing the responses of the various Defendants to Plaintiff's Motion to Compel, I find that the motion is not well taken with respect to the

---

[1] A Vaughn index is a term derived from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). The index usually consists of a listing of documents withheld together with the privilege asserted in connection with each document being withheld. The index normally would describe each document and its author.

Defendant United States Drug Enforcement Administration and the State of New Mexico Defendants. Neither of those sets of Defendants are asserting any claim of privilege with respect to document production, and each indicates that the document production required by Rule 26(a)(1)(B) has been made. The same is true with respect to the Valencia County Defendants who have made no claim of privilege but have provided Plaintiff "with a copy of each and every [relevant] document." There simply is no occasion to provide a list with Vaughn-style objections. Accordingly, the portion of Plaintiff's motion seeking the production of such an index will be denied.

I find that Defendant Valencia County's claim of work product privilege with respect to the transcripts of 30 audio tapes of phone calls from Plaintiff to Defendant Arley Sanchez is not well taken, and Defendant Valencia County shall promptly produce to Plaintiff a transcript of those audio tapes as it has done to the other Defendants.

Each party shall bear its own costs in connection with the instant motion.

This Order will be deemed a denial of Plaintiff's Motion to Compel Discovery [docket no. 84] and Plaintiff's Amended Motion to Compel Discovery [docket no. 106].

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE