IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN J. WILLIAMS,

     Plaintiff,

vs.                                                                No. 00-0240  PK/LFG

VALENCIA COUNTY SHERIFF'S
OFFICE ("VCSO"); DETECTIVE
(AGENT) JOHN MALLORY, aka U.S.
Department of Drug Enforcement
Officer; CAPTAIN WES MALLORY,
SHERIFF JUAN JULIAN;
UNDERSHERIFF DJ JACKSON;
ARLEY SANCHEZ, a private
individual, Valencia County Sheriff's
Office Civilian Employees DEBRA
MALLORY; DONNA WARDLOW;
CONNIE CARTER; ANNA
MARQUEZ; and REAL NAME
UNKNOWN DISPATCHER(S); Los
Lunas Magistrate Court Clerks
CARLA GONZALES; LISA
WAGONER; and TERESA CHAVEZ;
Been Magistrate Court Clerks
BRENDA GALLEON; J. SANCHEZ;
and REAL NAME(S) UNKNOWN
CLERKS; VALENCIA COUNTY
COMMISSION AND ITS
COMMISSIONERS FROM 1997 TO
PRESENT; STATE POLICE OFFICER
AUDI MIRANDA; N.M. ATTORNEY
GENERAL'S OFFICE
INVESTIGATOR STEVE SHARON;
STATE OF NEW MEXICO; N.M.
ATTORNEY GENERAL'S OFFICE;
N.M. DEPARTMENT OF PUBLIC
SAFETY; U.S. DEPARTMENT OF
DRUG ENFORCEMENT ADMIN.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants Steve Scharon, Carla Gonzales, Lisa (Waggoner) Mattox and Teresa Chavez' Motion to Dismiss and/or for Summary Judgment filed October 19, 2000 (doc. 92); Defendants Audi Miranda, Joanne Sanchez and Brenda Gallegos' Motion to Dismiss and/or for Summary Judgment filed October 19, 2000 (doc. 91); the Motion to Dismiss on behalf of Defendant Valencia County Sheriff's Department, Deputy John Mallory, Captain Wes Mallory, Sheriff Juan Julian, Undersheriff D.C. Jackson, Debra Mallory, Donna Wardlaw, Connie Carter, Anna Marquez, and Valencia County Commission ("the Valencia County Defendants") filed October 20, 2000 (doc. 104), and the Motion for Summary Judgment on behalf of the Valencia County Defendants filed October 20, 2000 (doc. 102). The court finds that the motions are well taken insofar as judgment is warranted in favor of the moving Defendants on the federal claims; the court declines to exercise supplemental jurisdiction over the state law claims and will dismiss them without prejudice.

## Background

This is a federal civil rights action seeking compensatory and punitive damages against various officials pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff also asserts several state law claims. Between the unverified first

amended complaint, the initial pretrial report, and the pleadings, the following
facts emerge concerning the federal claims.

Plaintiff alleges that in mid-1996 the Valencia County Sheriff's
Department (VCSO) began a long-term policy of maliciously prosecuting her,
although she was living in California.  She contends that Defendant John
Mallory, a VCSO detective who was cross-deputized as a DEA agent,
investigated and prosecuted her on behalf of Defendant Arley Sanchez, a
Valencia County resident and former coworker of the Plaintiff.  Defendant Arley
Sanchez complained to Defendant John Mallory that Plaintiff engaged in
telephone harassment and provided audiotape to substantiate his claims.

A.  First Complaint.

Upon her return to New Mexico, Plaintiff was charged in Los Lunas
Magistrate Court (No. 14-3-97-1305-M) in a November 1996 complaint with
telephone harassment and assault.  In early 1997, those charges were dismissed
without prejudice.  She contends that Defendant John Mallory was without
jurisdiction to conduct an investigation in California, and that the charges were
based upon false information

B.  Second Complaint.

In February 1997, Plaintiff was charged in the Los Lunas Magistrate Court
(No. M-59-MR9610165) in a second complaint with telephone harassment and
stalking.  She was arrested and confined without bond, at least temporarily.  The

charges were later dismissed without prejudice pursuant to a stipulated agreement. She claims that Defendant John Mallory is responsible for malicious prosecution, false arrest and false imprisonment in connection with the arrest on this second complaint, and that he committed perjury and conspired with other Defendants, including various supervisory personnel, in prosecuting her. The charges were dismissed pursuant to a stipulated order of dismissal with the condition that Plaintiff cease contacting Defendant Arley Sanchez and Defendant John Mallory.

Plaintiff contacted the media and Defendant Scharon, an investigator with the New Mexico Attorney General's office, to complain. Plaintiff contends that Defendant Scharon negligently investigated her complaint, finding no basis for it. According to the Plaintiff, she changed her mind about the stipulated order of dismissal and wanted to go to trial. Contrary to the stipulated order, she attempted to contact Defendant John Mallory. As Defendant John Mallory was now part of a drug task force, Plaintiff left numerous messages with VCSO dispatchers that she wanted a trial.

On June 27, 1997, Defendant John Mallory faxed a letter to the magistrate judge informing him that Plaintiff had violated the conditions of the stipulated order based upon her repeated attempts to contact him and further contact with Defendant Arley Sanchez. Defendant John Mallory requested Plaintiff be arrested, and that she be detained for a psychological evaluation. The judge

- 4 -

calendared the matter for a show-cause hearing on July 11, 1997.

Plaintiff appeared at the hearing before the Los Lunas Magistrate Court without counsel because her previous counsel had withdrawn. The judge found Plaintiff in violation of the stipulated order of dismissal entered on the second complaint. Although the harassment and stalking charges contained in the second complaint had been dismissed, she was sentenced on those charges to ninety days, five of which she served with the remainder suspended. Plaintiff later requested and received a copy of the judgment and sentence, and with the assistance of an attorney, had it overturned in September 1997.

According to Plaintiff, what occurred on July 11, 1997, was possible because Defendant John Mallory committed perjury and conspired with Defendant Arley Sanchez and others to commit perjury and imprison the Plaintiff without due process of law. She also claims that various Defendants, including the Los Lunas court clerk Defendants, destroyed records, including those of her prior arraignment, and prevented her from obtaining counsel. She also claims that she did not receive proper notice of the hearing, was not advised of her right to appeal or given a copy of the judgment, and that the tape of the hearing was altered.

C. Third Complaint.

In January 1998, Defendant Miranda, a state police officer, filed a complaint against Plaintiff in the Belen Magistrate Court (No. M-60-MR-

9800009) based upon the statements of Defendant Debra Mallory and Connie Carter, VCSO employees, that Plaintiff was engaging in telephone harassment. Plaintiff contends that VCSO Defendants Debra Mallory, Carter, Wardlaw and Marquez made false statements about her.  The address used for the third complaint was out of date; a bench warrant was issued for Plaintiff's arrest when she failed to appear at arraignment.  Plaintiff contends that various Defendants, including the Belen court clerk Defendants, conspired to use the wrong address.

Ultimately, an order quashing the bench warrant was filed pursuant to an agreement.  Plaintiff contends that while this agreement was being negotiated, Defendant Miranda threatened her through her attorney.  Plaintiff was not present during these negotiations at her attorney's direction, however.  She contends that her presence was mandatory.

D.  Federal Proceedings to Date.

The court has previously dismissed Defendant DEA (doc. 109) under Fed. R. Civ. P. 12(b)(1) and (b)(6).  A Clerk's Entry of Default has been entered against Defendant Arley Sanchez.  Doc. 112.  All federal claims pursuant to §§ 1983, 1985 and 1986 against the State of New Mexico, the New Mexico Attorney General's Office, and the New Mexico Department of Public Safety were dismissed with prejudice.  Doc. 47.  All federal official capacity claims against the following individual Defendants were dismissed with prejudice:  Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa (Waggoner) Mattox, and

Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne)

Sanchez; New Mexico State Police Officer Audi Miranda, and New Mexico

Attorney General's Office Investigator Steve Scharon.  Id.  The court held that

the court clerk defendants had absolute immunity on claims that they conspired to

prevent Plaintiff's representation by counsel by failing to assign her an attorney

and by allowing an attorney to withdraw.  The court declined to grant absolute

immunity to the court clerk defendants on six other claims.


Discussion

A.  Summary Judgment Standard.

Because these motions will be decided with reference to matters outside

the pleadings, the summary judgment standard applies.[1]  Indeed, in responding to

the motions, Plaintiff has submitted documentary evidence.  Docs. 116, 117 &

119.  Summary judgment is appropriate when "there is no genuine issue as to any

material fact and . . . the moving party is entitled to a judgment as a matter of

law."  Fed. R. Civ. P. 56(c).  A movant is responsible for identifying the basis of

---

[1]  The Valencia County Defendants have moved to dismiss certain claims
solely pursuant to Fed. R. Civ. P. 12(b)(6).  Certain legal issues contained in the
motion to dismiss overlap with (and are inextricably intertwined with) the
qualified immunity analysis on which summary judgment was sought.  Where the
Valencia County Defendants have also moved for dismissal of certain claims as a
matter of law and on grounds other than qualified immunity, the court has applied
the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

its motion, which it may support with material demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Here, the moving Defendants rely upon affidavits and other documentary evidence in support of their motions for summary judgment.

Although Plaintiff's pleadings are entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a pro se litigant is required to comply with established rules of procedure, Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), including those attendant to summary judgment.  In opposing a summary judgment motion, the non-movant may not rest upon her pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-movant is not required to produce evidence in a form admissible at trial, but must respond with material other than the pleadings themselves, i.e. depositions, answers to interrogatories, admissions on file and affidavits.  Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(c).  A court considers all evidence and reasonable inferences therefrom in the light most favorable to the non-movant; however, that material must contain probative evidence that would allow a trier of fact to find in favor of the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  Disputes about immaterial facts will not preclude summary judgment.  Id. at 248.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ."  Celotex, 477 U.S.

at 323-24.  Relying on D.N.M. LR-Civ. 56.1(a), which provides that motions for summary judgment must be filed within the deadline set by the initial pretrial report (IPTR), Plaintiff argues that the Valencia County Defendants' motion for summary judgment should be denied because the IPTR set no deadline.  This argument is without merit–a motion for summary judgment by a defendant may be made be at any time.  Fed. R. Civ. P. 56(b).

B.  Plaintiff's Request for Additional Discovery.

Plaintiff requests full discovery so that she can "depose and/or serve interrogatories" on various Defendants and "depose and or obtain affidavits from several witnesses."  Doc. 117 at 16.  A brief background is necessary.  The magistrate judge required the parties to make or supplement their mandatory Fed. R. Civ. P. 26(a)(1) disclosures within ten days after the Rule 16 conference, and ordered that each party produce various non-privileged tapes and documents. Doc. 69; see also Doc. 86.  The magistrate judge stayed formal discovery and placed the case on an administrative track because the United States had filed a motion to dismiss, and other defendants indicated that motions based upon qualified immunity would be forthcoming.  Id.  Plaintiff was advised that if additional discovery was required, she would be required to file a Fed. R. Civ. P. 56(f) affidavit.  Id.  Plaintiff objected to the magistrate ordering informal discovery and denying formal discovery; she also sought his disqualification. This court affirmed the magistrate judge's discovery rulings, finding them well

within his discretion particularly given the immunity defenses raised by several defendants.  Doc. 74; see also Crawford-El v. Britton, 523 U.S. 574, 597-98 (1998) (court should exercise discretion to protect the substance of qualified immunity defense, i.e., freedom from unnecessary discovery or trial proceedings). This court referred the disqualification motion to the magistrate judge; although the magistrate judge found no basis for disqualification, he recused on the basis that Plaintiff might perceive his decisions as biased.  The current magistrate judge denied Plaintiff's subsequent motions to compel discovery, but required the Valencia County Defendants to provide transcripts of certain telephone calls made by the Plaintiff to Defendant Arley Sanchez.

Plaintiff's request for additional discovery is not well taken.  Plaintiff has not filed the required affidavit pursuant to Rule 56(f), nor has she explained the facts she wants to discover, why she has not discovered them and how additional time for discovery would assist her in defeating the motions.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1969); Price v. Western Resources, Inc., 232 F.3d 779, 783-84 (10th Cir. 2000).  Although Plaintiff has specifically requested to depose various Defendants, unverified statements in briefs or memoranda do not fulfill the function of a Fed. R. Civ. P. 56(f) affidavit.  Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992).  Plaintiff twice indicated that she planned to file a "motion or affidavit" requesting complete discovery, Doc. 84 at 7; Doc. 106 at 7, but no affidavit, as required by Rule 56(f)

- 10 -

and explained to the Plaintiff by the magistrate, was filed.

C.  Conceded Claims.

Plaintiff concedes that her claims under §§ 1985 and 1986 should be dismissed.  She also agrees that the remaining § 1983 claims against the Defendant Valencia County Sheriff's Department should be dismissed.  Thus, only federal claims under § 1983 against various individual Defendants and the Valencia County Commission remain.

D. Absolute Immunity.

The court clerk defendants (Los Lunas Magistrate Court Clerks Carla Gonzales, Lisa (Waggoner) Mattox, and Teresa Chavez; Belen Magistrate Court Clerks Brenda Gallegos and J. (Joanne) Sanchez) are entitled to absolute immunity on the claims asserted in the amended complaint based upon subsequent and controlling authority.  In Whitesel v. Sengenberger, 222 F.3d 861, 869 (10th Cir. 2000), a Tenth Circuit panel interpreted the Circuit's case law as holding "that those performing ministerial acts at the direction of a judge are also entitled to absolute immunity."  Although the court did not cite Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993), the court noted the distinction between discretionary and ministerial acts and afforded absolute immunity to court employees performing ministerial acts within their court employment.  In Whitesel, pretrial service officers that signed and delivered TROs pursuant to judicial directives were afforded absolute immunity, although the TROs were

invalid procedurally.  The court noted that the judicial process is better served by allowing correction of such errors through the judicial process, as opposed to exposing judicial personnel to personal liability.  Id. at 869-70.  That same rationale applies here.

E.  Qualified Immunity as to the Remaining Individual Defendants.

Government officials performing discretionary functions normally have qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Contrary to Plaintiff's contention, this case involves largely discretionary functions–those requiring judgment and "inevitably are influenced by the decisionmaker's experiences, values and emotions."  Id. at 816. The first inquiry is whether a plaintiff has come forth with sufficient facts demonstrating the violation of an actual constitutional right.  Wilson v. Layne, 526 U.S. 603, 609  (1999).  If so, the next inquiry is whether that right was clearly established.  Id.  Clearly established law means Supreme Court or Tenth Circuit authority, or the clear weight of authority from other jurisdictions. Whitesel, 222 F.3d at 872.  If both inquiries are resolved in favor of the Plaintiff, then the individual moving Defendants bear the burden of establishing no genuine issue of material fact and entitlement to judgment as a matter of law.  Id.

In this case, the individual moving Defendants dispute the factual predicate

of Plaintiff's claims.  They have come forward with affidavits that tell a largely

different story than the one told by the Plaintiff and provide different

explanations for what occurred.  In response to this evidence, Plaintiff has failed

to submit evidence indicative of a genuine issue of material fact for trial, i.e.,

evidence demonstrating the violation of a constitutional right.

    In passing on a motion for summary judgment, a court is confined to

evidence that could be reduced to admissible evidence at trial.  Thomas v. Int'l

Business Machines, 48 F.3d 478, 485 (10th Cir. 1995); World of Sleep, Inc. v.

La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).  By itself, the

documentary evidence submitted by Plaintiff does not establish a genuine issue of

material fact, and no affidavits accompany her responses.[2]  Rule 56(e), providing

---

    [2]  A complaint may be treated as an affidavit if it alleges facts within a
plaintiff's personal knowledge and is sworn under penalty of perjury.  Hall v.
Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).  Neither the complaint (Doc. 1),
the first amended complaint (Doc. 2), or the various responses (Docs. 116, 117,
118 & 119), are verified.  In Jaxon v. Circle K Corp., 773 F.3d 1138, 1140 (10th
Cir. 1985), the court determined that the district court abused its discretion in not
granting the a pro se plaintiff additional time to verify his complaint or obtain
affidavits to remedy the "obvious defects" in his summary judgment materials.

    Here, after being served with numerous affidavits, Plaintiff has made no
such request.  Moreover, this is a case in which the scope of discovery has been
actively litigated and the magistrate judge informed the Plaintiff of the option to
file an affidavit, at least in the Fed. R. Civ. P. 56(f) context, but she did not.
Doc. 69 at 2; Doc. 86 at 6.  The court notes that Plaintiff did file an affidavit in
connection with seeking the clerk's entry of default against Defendant Arley
Sanchez.  Doc. 89.  Moreover, Plaintiff recited D.N.M. LR-Civ. 56.1(a), in
arguing that summary judgment should be denied because the IPTR had not set
dates.  Doc. 119 at 2.  That rule plainly alerts (as does Fed. R. Civ. P. 56(c) &

for affidavits based upon personal knowledge, requires a non-movant to go beyond the pleadings and designate specific facts (as opposed to unverified assertions) showing there is a genuine issue for trial.  <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir. 1992).  Allegations by Plaintiff contained in her responses and her unverified first amended complaint do not fulfill that function and are not competent summary judgment evidence.  <u>Id.</u>; <u>King v. Dogan</u>, 31 F.3d 344, 346 (5th Cir. 1994).  Thus, although the qualified immunity analysis on summary judgment usually begins with analysis of the constitutional rights at issue, and whether those rights are clearly established, the court cannot overlook that Plaintiff's allegations are largely unsupported.

In addition to lacking a factual predicate for the violation of constitutional rights, the Plaintiff largely has failed to define the specific constitutional rights at issue.  It is not enough for Plaintiff to merely state that her Fifth, Sixth and Fourteenth Amendment rights, her due process rights, or her rights to be free of a

---

(e)) as to the need "for the opposing party to file counter-affidavits and responses" to a summary judgment motion.  Plaintiff has repeatedly cited <u>Anderson</u>, including the following passage:  "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."  <u>Anderson</u>, 477 U.S. at 256, <u>cited in</u> Doc. 119 at 21, ¶ 54; <u>see also</u> Doc. 116 at 16.  The next sentence in <u>Anderson</u> makes clear that "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading . . . ."  <u>Anderson</u>, 477 U.S. at 256.  Apparently, Plaintiff's position is that her allegations and the documentary evidence are sufficient to support a jury verdict.  Doc. 119 at 21, ¶ 54.

§ 1983 conspiracy have been violated, or that she has been maliciously prosecuted, falsely arrested, falsely imprisoned, or deprived of liberty without due process of law.  Rather, the Plaintiff must be specific with reference to the circumstances facing the Defendants <u>and</u> the applicable law.  See <u>Anderson v. Creighton</u>, 483 U.S. 635, 639-40 (1987).  Otherwise, qualified immunity with its emphasis on objective legal reasonableness could not  be applied.  <u>Id.</u> at 639. That said, the primary thrust of Plaintiff's complaint appears to be Fourth Amendment where the law is clearly established that an affiant may not lie to obtain an arrest warrant.  <u>Wolford v. Lasater</u>, 78 F.3d 484, 489 (10th Cir. 1996).

The court now turns to the remaining Defendants.

<u>1.  Defendant Steve Scharon.</u>

Plaintiff contends that Defendant Scharon, an investigator with the New Mexico Attorney General's Office, conducted a shoddy and negligent investigation into her allegations that Defendant John Mallory had committed perjury in an affidavit seeking a warrant for her arrest.  Defendant Scharon concluded that Plaintiff's allegations were unfounded after interviewing her. Plaintiff contends that his investigation contributed to her unlawful imprisonment on July 11, 1997.  Plaintiff has not identified a clearly established constitutional right to be free of a negligent investigation; what authority exists suggests the contrary.  See <u>Romero v. Fay</u>, 45 F.3d 1472, 1478-79 (10th Cir. 1995); <u>Williams</u>

- 15 -

v. City of Albany, 936 F.2d 1256, 1260-61 (11th Cir. 1991) (per curiam).

2.  Defendant Audi Miranda.

Plaintiff contends that Defendant Audi Miranda maliciously prosecuted her based upon a criminal complaint in January 1998 charging her with telephone harassment based upon repeated derogatory calls to the VCSO.  She contends that his investigation was inadequate, he failed to obtain her correct address, he did not consent to quashing the warrant, he threatened Plaintiff's attorney, and he participated in an illegal disposition of the charge against her.  She also contends that he participated in a conspiracy with other Defendants.

The summary judgment evidence establishes that Defendant Miranda attempted to contact the Plaintiff during the investigation.  Because Plaintiff did not have a published telephone number, he relied upon Department of Motor Vehicle records which contained an outdated address.  He was unable to contact Plaintiff and the complaint contained the incorrect address.  A bench warrant was issued for Plaintiff's arrest.  That bench warrant was later quashed and Plaintiff, represented by counsel, entered into an agreement continuing the matter for one year with dismissal at that time if Plaintiff complied with various conditions including attending anger management counseling and not contacting the parties involved.  Although Plaintiff contends that Defendant Miranda could have obtained her correct address from court records in another case, she has provided no evidence suggesting that he was aware of her correct address.  Moreover,

- 16 -

Defendant Miranda's affidavit is to the contrary.  Doc. 93, ¶ 10.

Plaintiff's malicious prosecution and derivative claims against Defendant Miranda must fail given the summary judgment evidence which establishes that Defendant Miranda had probable cause to conclude that a violation of N.M. Stat. Ann. § 30-21-12 (Michie 1994 Repl. Pamp.) had occurred, even considering the discrepancies Plaintiff claims are in the affidavit.  See Taylor v. Meacham, 82 F.3d 1556, 1561-62 (10th Cir. 1996); Wolford, 78 F.3d at 489.  "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of immunity be lost." Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (citations omitted).  Here, VCSO employees Debra Mallory and Connie Carter provided statements and telephone logs tending to show that Plaintiff had called nine times between 12:21 a.m. and 10:24 a.m., using obscene and derogatory language.  Doc. 93, Ex. A, B. C, & D. Though the New Mexico Court of Appeals has cautioned that § 30-21-12 requires that the calls be made maliciously, thereby excluding "a call by an irate citizen to a public official," State v. Gattis, 730 P.2d 497, 501 (N.M. Ct. App. 1986), the alleged language used here ("Spread the word–I'll slap so f------- hard you will end up in another city."), plainly falls within the prohibition on telephoning "threaten[ing] to inflict injury or physical harm to the person . . . of another." § 30-20-12(A); State v. Stephens, 807 P.2d 241, 245 (N.M. Ct. App. 1991). Three messages ("Tell Lisa at the court to go suck d --- . . ."), are plainly

- 17 -

indicative of malicious intent to disturb another.  See § 30-20-12(B).  Plaintiff

fails to recognize that her alleged activity also interfered with the performance of

legitimate law enforcement functions, i.e. dispatching emergency calls.

In New Mexico, a peace officer may file a criminal complaint in

magistrate court and prosecute it.  N.M.R. Ann. § 6-108(A) & (C); see also N.M.

Stat. Ann. §§ 29-1-1 (peace officer's duty "to diligently file a complaint or

information"); 29-2-18 (state police officer has "full power to apprehend, arrest

and bring before the proper court all law violators within the state") (Michie

1997 Repl. Pamp.).  That is apparently what happened here.  Still, Plaintiff's

claim that Defendant Miranda withheld approval of an order quashing the bench

warrant simply does not state a constitutional claim given that the magistrate

judge determines whether to quash and under what conditions.  Moreover, even

Plaintiff's summary judgment evidence indicates that the warrant was quashed

(albeit a few days later) with the approval of Defendant Miranda.  Doc. 116, Ex.

H.  Plaintiff's claim that Defendant Miranda was party to an illegal disposition of

the charges against Plaintiff and threatened her attorney is devoid of factual

support.   Plaintiff's dissatisfaction with the disposition she agreed to does not

provide a claim against Defendant Miranda.  Likewise, her wide-ranging claims

of conspiracy against many of the moving Defendants are not supported by

admissible evidence–a § 1983 conspiracy to deprive a person of her constitutional

rights is actionable, but requires specific facts showing an agreement and

concerted action among the defendants; conclusory allegations of conspiracy are inadequate.  See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).  Plaintiff's allegations that the VCSO, judges, court employees and others conspired against her are purely conclusory.

3.  The Valencia County Defendants.

Plaintiff points out that the qualified immunity defense does not resolve the official capacity claims, which is correct insofar as it goes.  However, official capacity claims against individuals are really claims against the entity that employs the individual, and Plaintiff's attempt to state official capacity claims against individual Defendants must be resolved accordingly.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  To be sure, a municipality may not rely on the doctrine of qualified immunity.  Owen v. City of Independence, Mo., 445 U.S. 622, 657 (1980).  But municipal liability does not lie based upon respondeat superior; rather there must be action pursuant to a municipal custom or policy that directly caused the constitutional violation.  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).  No detailed, non-conclusory allegations in the complaint, nor any competent summary judgment evidence, supports a custom or policy on behalf of Valencia County, the Valencia County Commission or its Commissioners,[3] let

_____

[3] The Valencia County Commission and its Commissioners would be entitled to absolute legislative immunity for legislative activities, including action

- 19 -

alone a direct causal link to a constitutional violation.  Plaintiff claims that these
entities and unnamed individuals negligently failed to prevent harm, but mere
negligence is not actionable under § 1983 or the United States Constitution.
Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniels v. Williams, 474 U.S.
327, 333 (1986).  Although Plaintiff contends that the conduct or lack thereof
was "gross negligence," this is a conclusion and is not sufficient for § 1983
liability in this circuit.  Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999);
Woodward v. City of Worland, 977 F.2d 1392, 1399 n.11 (10th Cir. 1992); see
also County of Sacramento v. Lewis, 523 U.S. 833, 863 (Scalia, J., concurring in
judgment) (open question whether something less than intentional conduct, such
as recklessness or gross negligence, can constitute violation of due process).

Moreover, it appears that certain claims against the Valencia County
Defendants are time barred.  Plaintiff filed her initial complaint on February 17,
2000.  Her claims relating to contacting her in California in 1996 and charging
her with assault and telephone harassment on November 18, 1996, do not appear
actionable in and of themselves.  A three-year statute of limitations applies.
Wilson v. Garcia, 471 U.S. 261, 280 (1985); N.M. Stat. Ann. § 37-1-8 (Michie
1990 Repl. Pamp.).  Contrary to Plaintiff's suggestion, the accrual of a § 1983
claim is a federal issue, and such a claim accrues when facts that would support a

on Plaintiff's complaints.  Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998).

cause of action are or should be apparent.  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).  Record evidence suggests that Plaintiff was aware of her claims that (1) Defendant John Mallory contacted her ostensibly without jurisdiction at least by December 21, 1996, and (2) she was being maliciously prosecuted, as evidenced in her letter dated December 21, 1996, complaining of same to the district attorney.  Doc. 103, Ex. C; see also Laurino v. Tate, 220 F.3d 1213, 1216-17 (10th Cir. 2000) (rejecting contention that claims accrued when proceedings on charges concluded; claims accrued on date of arrest and release from jail).  However, the Valencia County Defendants did not move for summary judgment on this claim, but relied exclusively on a motion to dismiss which is contested.  Doc. 105, at 3 (Valencia County Defendants' supporting memorandum).  The case can be resolved on other grounds, however.

 A.  John Mallory.

        Plaintiff complains that Defendant John Mallory is responsible for malicious prosecution, its derivative claims such as false arrest and false imprisonment, and denial of due process based upon his filing of criminal complaints and his participation in prosecuting her.  Defendant John Mallory investigated a complaint by Defendant Arley Sanchez that he was being harassed by the Plaintiff.  The court has reviewed the August 1, 1996, police report, and

the affidavits submitted by Defendant John Mallory[4] and the complainant

Defendant Sanchez.  Doc. 119, Ex. E; Doc. 103, Exs. A & B.  These items show

that Defendant Mallory had probable cause to file the November 1996 complaint

based upon telephone harassment, N.M. Stat. Ann. § 30-20-12 (Michie 1994

Repl. Pamp.), and the February 1997 complaint based upon telephone harassment

and stalking, § 30-3A-3; State v. Duran, 966 P.2d 768, 773 (N.M. Ct. App.

1998); see also Davis v. Gracey, 111 F.3d 1472, 1479-80 (10th Cir. 1997) (the

failure of an affidavit for search warrant to describe every detail does not vitiate

probable cause).  Indeed, Plaintiff requested that Defendant Mallory press

charges resulting in the November 1996 complaint, as she was angered by his

incorrect information that telephone harassment was a felony.  Doc. 103, Ex. E.

She also admitted in a letter sent to the district attorney that she was guilty of

phone harassment, but not stalking based upon the February 1997 complaint.  Id.

The more troubling question concerns the course of proceedings on July

11, 1997, on Plaintiff's alleged violation of the stipulated order of dismissal of

the February 1997 complaint.  Unlike Plaintiff's other claims, this concerns post-

trial detention.  On June 27, 1997, Defendant John Mallory faxed a letter to a

magistrate judge indicating that Plaintiff violated the stipulated order.  The

_____

[4] Defendant John Mallory was not deprived of his jurisdiction to investigate Defendant Sanchez's claims merely because Plaintiff was in California.  See § 30-20-12(C) (telephone offense deemed to be committed at either where call originated or where call received).

February 1997 criminal complaint had been dismissed without prejudice when

Plaintiff agreed to the mandatory conditions of not contacting Defendant Arley

Sanchez or Defendant John Mallory.  Doc. 103, Ex. D.  After one year, the case

would be dismissed with prejudice if Plaintiff complied with the conditions.  Id.

By letter to the magistrate judge, Defendant Mallory reported that Plaintiff had

violated those conditions, and he requested an arrest warrant to apprehend the

Plaintiff and that she be held without bond.  Doc. 119, Ex. H.

Plaintiff's own summary judgment evidence contains evidence indicating

that Defendant John Mallory had probable cause to believe that the mandatory

conditions had been violated–she repeatedly left messages for him demanding

that she be afforded a trial as she was unhappy with the agreement her attorney

negotiated.  Id.  Defendants' summary judgment evidence contains affidavits from

both Defendant John Mallory and Defendant Arley Sanchez that the harassment

resumed after the Plaintiff entered into the stipulated order.  Doc. 103, Exs. A at

¶ 44 & B at ¶¶ 28-29; see also id. Ex. G at unnumbered page 3, unnumbered full

¶ 7 ("Recently, I accepted a deal fashioned by my attorney that the charges would

be dropped if I didn't contact Arley Sanchez or Mallory for one year.  I

deliberately broke that agreement several times last week and this week to bring

this case to trial.  My attorney, a public defender, pushed for a deal, although I

told her I wanted a trial because I was innocent on the stalking charge").

Apparently, Plaintiff appeared voluntarily.  At the hearing, Defendant John

- 23 -

Mallory testified.  His testimony as a witness is protected by absolute immunity.

Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983).  Plaintiff was not represented by

counsel.  The magistrate court judge found that Plaintiff was in violation of the

May 1997 agreement.  Although the stalking and harassment charges had been

dismissed without prejudice, he then sentenced her on those charges to ninety

days with eighty-five days suspended.  Doc. 119, Ex. J.  Plaintiff was taken into

custody and served five days.  She later had the "Judgment and Sentence"

expunged, given that she had never pled guilty to the charges which had been

dismissed and not refiled.  Doc. 119, Ex. I & J.

Plaintiff argues that Defendant John Mallory, as a prosecutor, was

responsible for insuring that her constitutional rights were respected at the "trial"

which occurred on July 11, 1997.  Defendant John Mallory as a signatory was no

doubt aware of the stipulated order and its mandatory conditions.  However, his

decision to inform the magistrate judge of the violation of its conditions and seek

an arrest warrant and a psychological evaluation is simply not the proximate

cause of the apparent constitutional violations that followed.  A peace officer

who informs the court of a violation of an order dismissing charges and seeks an

arrest warrant cannot be held responsible for insuring that the magistrate judge

observes the basic tenets of the Fifth, Sixth and Fourteenth Amendments of the

United States Constitution in the disposition of a criminal case, i.e. a charging

document, arraignment, appointment of counsel, notice of trial, the right to call

- 24 -

and confront witnesses, and the like.  Cf. Baker v. McCollan, 443 U.S. 137, 145 (1979); Pickens v. Hollowell, 59 F.3d 1203, 1207-08 (11th Cir. 1995).  And given the mandatory provisions contained in the stipulated order, the court cannot say an objectively reasonable police officer would have thought the judge acted without all jurisdiction.  Although Plaintiff contends that there is a tape of the show cause hearing, Doc. 119 at 18, she has failed to provide a transcript (or the tape).  Without more, she cannot defeat Defendant John Mallory's properly supported motion for summary judgment based upon qualified immunity.  Thus, it is unnecessary to address the obvious prosecutorial immunity question presented by these facts.  See Kalina v. Fletcher, 522 U.S. 118, 123-26 (1997).

B.  Wes Mallory, D.C. Jackson, and Juan Julian.

Plaintiff contends that Defendant Captain Wes Mallory, Undersheriff D.C. Jackson and Sheriff Juan Julian were indifferent or hostile to her complaints about Defendant John Mallory and failed to protect her constitutional rights.  She notes that Defendant Wes Mallory was present at the July 11, 1997, hearing.  First, the court has rejected the notion that the moving Defendants were responsible for defects in the magistrate court proceedings.  Second, supervisory liability requires a "show[ing] that the defendant-supervisor took deliberate action in directing the constitutional violation, or had actual knowledge of the violation and allowed the violation to continue."  DeAnzona v. City and County of Denver, 222 F.3d 1229, 1234 (10th Cir. 2000).  The allegations in Plaintiff's

first amended complaint do not rise to this level.  Moreover, her letters to the

news media and others about her interactions with supervisory law enforcement

personnel and the allegations in her first amended complaint are not suitable

evidence to defeat summary judgment.  Gross v. Burggraf Constr. Co., 53 F.3d

1531, 1541 (10th Cir. 1995) (hearsay cannot be considered).  Second, having

determined the absence of a constitutional violation on Defendant John Mallory's

part, there can be no derivative liability for his conduct.  City of Los Angeles v.

Heller, 475 U.S. 796, 798-99 (1986).

C.  Debra Mallory, Connie Carter, Anna Marquez and Donna Wardlaw.

       Plaintiff contends that VCSO employees Debra Mallory (administrative

secretary), Connie Carter (dispatcher), Anna Marquez (administrative secretary),

and Donna Wardlaw (civil clerk) are liable for their role in the December 1997

complaint.  Defendants Debra Mallory and Carter prepared witness statements

concerning Plaintiff's calls to the VCSO.  Defendant Marquez witnessed

Defendant Debra Mallory's statement.  Plaintiff also contends that Defendant

Debra Mallory is responsible for the out-of-date address appearing on the

complaint.  These Defendants have submitted affidavits that they received rude,

derogatory calls at the VCSO using profanity from Plaintiff.  Doc. 103, Ex. H, I,

J & K.  Defendants Debra Mallory and Carter swear that their records are

accurate; all of the Defendants swear that they did not urge prosecution by the

State Police.  No competent summary judgment evidence refutes this.  There is no

basis for an actionable constitutional claim here.

Many of the federal claims in the 58-page complaint containing twenty-five counts are redundant.  Any remaining federal claims not specifically addressed above have been considered and rejected as without merit in light of the Defendants' motions and the applicable law.

Given the resolution of the federal claims, only the supplemental state law claims remain.  When federal claims no longer support supplemental jurisdiction, the Tenth Circuit has recognized that, consistent with 28 U.S.C. § 1367(c)(3), the ordinary response will be to dismiss the state claims without prejudice.  See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  The court declines to exercise jurisdiction over the state claims against these moving Defendants; those claims will be dismissed without prejudice.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the following motions are construed as motions for summary judgment to the extent set forth in this Memorandum Opinion and are granted to the extent of all federal claims contained in the first amended complaint:

(1)   Defendants Steve Scharon, Carla Gonzales, Lisa (Waggoner) Mattox and

Teresa Chavez' Motion to Dismiss and/or for Summary Judgment filed

October 19, 2000 (doc. 92);

(2)     Defendants Audi Miranda, Joanne Sanchez and Brenda Gallegos' Motion to

Dismiss and/or for Summary Judgment filed October 19, 2000 (doc. 91);

(3)     the Motion to Dismiss on behalf of Defendant Valencia County Sheriff's

Department, Deputy John Mallory, Captain Wes Mallory, Sheriff Juan

Julian, Undersheriff D.C. Jackson, Debra Mallory, Donna Wardlaw, Connie

Carter, Anna Marquez, and Valencia County Commission ("the Valencia

County Defendants") filed October 20, 2000 (doc. 104);

(4)      the Motion for Summary Judgment on behalf of the Valencia County

Defendants filed October 20, 2000 (doc. 102).

The federal claims against the moving defendants will be dismissed with

prejudice; any state law claims will be dismissed without prejudice.

DATED this 22nd day of March 2001, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Karen Williams, pro se.

Sean Olivas and Melanie Frassanito, Keleher & McCleod, P.A, Albuquerque,
New Mexico, for the Valencia County Defendants.

Barbara Pryor, McCary, Wilson and Pryor, Albuquerque, New Mexico, for

Defendants Los Lunas Magistrate Court Clerks, Belen Magistrate Court Clerks,
Attorney General's Office and Investigator, State of New Mexico, New Mexico
Department of Public Safety and State Police Officer